Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000686
19-NOV-2013
10:01 AM

NO. CAAP-11-0000686

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
HAN KAMAKANI PHUA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KA'U DIVISION
(Case No. 3P810-0184)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Han Kamakani Phua (Phua) appeals from the Judgment of Conviction and Sentence, entered on August 29, 2011 in the District Court of the Third Circuit, Ka'u Division (District Court).[1]

Phua was found guilty of Harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1) (Supp. 2012).

On appeal, Phua contends (1) the presiding judge plainly erred by not, sua sponte, recusing himself from the case because he presided over two prior civil cases involving Phua and (2) the District Court erred by finding that Phua knowingly and intelligently waived his right to counsel during sentencing.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Phua's points of error as follows:

---

[1] The Honorable Joseph P. Florendo, Jr. presided.

On November 8, 2013, the District Court entered a signed Judgment of Conviction and Sentence nunc pro tunc to August 29, 2011.

(1) The presiding judge did not plainly err by failing to recuse himself due to bias against Phua. Phua points out that the judge presided over two other civil cases involving Phua in which he made rulings unfavorable to Phua relating to the property on which the alleged Harassment occurred in this case. Phua notes that the judge took judicial notice of the two cases and the rulings he made in those cases which found that Phua had no claim to the property. Phua claims that "[t]he fact that Mr. Phua appeared pro se before the judge in those matters gave the judge certain biases toward Mr. Phua." In support of such bias, Phua states there were many inconsistencies in the testimony of prosecution witnesses "but it was decided by the district court judge that only Mr. Phua had been lying. The district court judge obviously made his decision partially based upon the prior knowledge of Mr. Phua as well as his previous interactions with Mr. Phua."

Phua concedes that a judge presiding over a prior prosecution of the defendant does not, without more, provide a basis for recusal. While Phua claims that is not the case here, he does not describe his prior actions that would cause the judge to have a bias against him. Phua points to nothing else but the judge issuing adverse rulings in two prior civil cases and an adverse ruling in this criminal case as evidence of judicial bias. "Bias cannot be premised on adverse rulings alone." Arquette v. State, 128 Hawai'i 423, 448, 290 P.3d 493, 518 (2012) (citing State v. Ross, 89 Hawai'i 371, 378, 974 P.2d 11, 18 (1998)). The District Court did not plainly err by failing to recuse himself due to bias against Phua.

(2) The District Court did not plainly err by finding that Phua waived his right to counsel during sentencing. Phua claims that the District Court's examination of Phua regarding his waiver of the right to counsel was inadequate. Phua claims that the District Court should have examined Phua about his "education, work history, and experience with the judicial system before informing Mr Phua of the punishment which may be imposed and advising Mr. Phua of the risks of self-representation."

"Although such examination is 'necessary to allow the trial court to determine the level and depth to which an explanation and inquiry must extend,' we reject the proposition that, in every case, this query must precede the balance of the Dickson inquiry. See [State v. Dickson, 4 Haw. App. 614, 619, 673 P.2d 1036, 1041 (1983)]." State v. Million, 128 Hawai'i 477, 290 P.3d 547, CAAP-10-0000212 2012 WL 5990270 at *2 (App. Nov. 30, 2012) (SDO). Phua articulates no reason why the District Court's inquiry about his education, work history, and experience after warning him of the possible punishment and advising him of the risks of self-representation was prejudicial.

Phua faults the District Court for asking "Do you understand that you're entitled to have an attorney represent you and if you cannot afford one, the Court can appoint one for you?" to which Phua responded "No, I was not aware of that but --" Phua claims that when the District Court then asked "Do you still wish to proceed without an attorney?" the District Court "simply ignored Mr. Phua's lack of knowledge that he may have had a right to a court-appointed attorney if he could not afford to retain one." It appears that Phua argues that the District Court should have then "informed" him that he had a right to have an attorney and that if he could not afford one, that one would be appointed, and that the District Court's prior question was somehow insufficient to advise Phua of such a right. The District Court informed Phua that he had the right to an attorney, and that if he could not afford one, one would be appointed, albeit in the form of a question rather than a statement. Thus, Phua's claim is without merit.

Lastly, Phua claims that "He obviously is unable to understand the consequences of his actions when he decided to appear pro se at his sentencing hearing," and "There was nothing to show that Mr. Phua was familiar with the legal system." However, "[t]he record need not reflect a discussion between the court and a defendant illuminating every such factor." Dickson, 4 Haw. App. at 620-21, 673 P.2d at 1042. Examination of a defendant's experience is used "to determine the level and depth to which [the court's] explanation and inquiry must extend."

Dickson, 4 Haw. App. at 619, 673 P.2d at 1041. The record demonstrates that Phua was adequately informed of the risks of self-representation, the right to private or appointed counsel, and that the waiver of the right to counsel was made knowingly and voluntarily.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence, entered on August 29, 2011 in the District Court of the Third Circuit, Ka'u Division is affirmed.

DATED: Honolulu, Hawai'i, November 19, 2013.

On the briefs:

Cherylann Miyamoto,
Deputy Public Defender,
for Defendant-Appellant.

Presiding Judge

Linda L. Walton,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Associate Judge

Associate Judge